COPY

FILED
CLERK, U.S. DISTRICT COURT

NOV 1 6 2010

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1  David H. Boren, Esq. SBN 186316
2      *dboren@borenlawfirm.com*
3  LAW OFFICES OF DAVID H. BOREN
   9595 Wilshire Blvd., Suite 900
4  Beverly Hills, CA  90212
   Bus:  (310) 492-4363
5  Fax:  (310) 492-4388
6
7  Attorney for Plaintiffs
   TIMOTHY SEAN O'BRIEN and
8  LIVFAST, LLC
9

10              UNITED STATES DISTRICT COURT
11
12            CENTRAL DISTRICT OF CALIFORNIA
13
14  TIMOTHY SEAN O'BRIEN, an       )  Case No.: SACV10-01762 JVS (PLA-x
    individual, LIVFAST, LLC, a Nevada  )
15  limited liability company,          )
16                                       )  PLAINTIFFS TIMOTHY SEAN
              Plaintiff,               )  O'BRIEN AND LIVFAST, LLC'S
17                                       )  COMPLAINT AGAINST DEFENDANTS
                                       )  FOR:
18        vs.                          )  (1)  FEDERAL TRADEMARK
                                       )       INFRINGEMENT;
19  AFFLICTION, INC., a California     )  (2)  FALSE DESIGNATION OF
20  corporation; AFFLICTION RETAIL,    )       ORIGIN;
    INC., a California corporation,     )  (3)  STATE TRADEMARK
21  AFFLICTION HOLDINGS, LLC, a        )       INFRINGEMENT AND UNFAIR
    California limited liability company, )       COMPETITION;
22  AFFLICTION RETAIL, LLC, a          )  (4)  UNFAIR COMPETITION;
23  California limited liability company, )  (5)  UNJUST ENRICHMENT;
    AFFLICTION ENTERTAINMENT          )  (6)  CANCELLATION OF
24  GROUP, LLC, a California limited    )       TRADEMARK REGISTRATION;
25  liability company and DOES 1 -10    )  (7)  ACCOUNTING; and
    inclusive                          )  (8)  DECLARATORY RELIEF.
26                                       )
27            Defendants,              )  DEMAND FOR JURY TRIAL
                                       )
28  _____)

DB/LIVFAST/COMPLAINT

COMPLAINT

Plaintiffs TIMOTHY SEAN O'BRIEN ("O'Brien") and LIVFAST, LLC (collectively, "Livfast") are informed and believe, and based thereon, allege against Defendants AFFLICTION, INC., AFFLICTION RETAIL, INC., AFFLICTION HOLDINGS, LLC, AFFLICTION RETAIL, LLC and/or AFFLICTION ENTERTAINMENT GROUP, LLC (collectively, "Affliction") and DOES 1 through 10, inclusive, as follows:

## THE PARTIES

1.    O'Brien is an individual residing in Reno, Nevada.

2.    Livfast is a limited liability company organized and existing under the laws of the state of Nevada.

3.    Affliction, Inc. is a corporation organized and existing under the laws of the State of California, having its principal place of business at 1799 Apollo Court, Seal Beach, California 90740.

4.    Affliction Retail, Inc. is a corporation organized and existing under the laws of the State of California, having its principal place of business at 1799 Apollo Court, Seal Beach, California 90740.

5.    Affliction Holdings, LLC is a limited liability company organized and existing under the laws of the State of California, having its principal place of business at 1799 Apollo Court, Seal Beach, California 90740.

6.    Affliction Retail, LLC is a limited liability company organized and existing under the laws of the State of California, having its principal place of business at 1799 Apollo Court, Seal Beach, California 90740.

7.    Affliction Entertainment Group, LLC is a limited liability company organized and existing under the laws of the State of California, having its principal place of business at 1799 Apollo Court, Seal Beach, California 90740.

8.    The true names and capacities of Defendants sued as Does 1 through 10 are unknown to Livfast at this time, who therefore sues these Doe Defendants by such fictitious names.  Livfast will seek leave to amend this Complaint to insert the true

COMPLAINT

1   names and capacities of the fictitiously named Defendants when they are ascertained.

2   Livfast is informed and believes, and based thereon alleges, that each of the

3   Defendants sued as Does 1 through 10 are in some manner involved in the actions

4   alleged below and therefore are responsible or liable for the acts, occurrences,

5   damages and claims for relief alleged in this Complaint.

6        9.    Livfast is informed and believes, and based thereon alleges, that at all

7   times relevant to this Complaint, the above-named Defendants, and each of them,

8   were the agents, servants, employees, general partners, successors-in-interest,

9   predecessors-in interest, co-venturers, co-owners, purported co-authors or joint

10   authors or alter egos of the Defendants or the remaining Defendants and, in doing the

11   acts alleged herein, each was acting within the course and scope of such agency,

12   service, employment, partnership, interest, venture or alter ego capacity with the

13   authorization and/or ratification of their principals or the remaining co-Defendants.

14

15                    **JURISDICTION AND VENUE**

16        10.   This Court has original subject matter jurisdiction over this action in

17   accordance with 28 U.S.C. §§ 1338(a) and (b) and 15 U.S.C. § 1121.  This court has

18   supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

19        11.   This Court has personal jurisdiction over the Defendants because the

20   Defendants maintain their principal place of business in California and are organized

21   and existing under the laws of the State of California.

22        12.   Venue is appropriate in this district pursuant to 28 U.S.C. § 1391as a

23   substantial part of the events or omissions giving rise to the claims occurred in this

24   district and the defendants maintain their principal place of business in this district.

25

26

27

28

DB/LIVFAST/COMPLAINT                           2

                                                                              COMPLAINT

**THE ALLEGATIONS**

13.    Mr. O'Brien is a professional motocross rider and a businessman.  In 2000, Livfast first used the Livfast name.  No later than October 8, 2004, Livfast first used the Livfast name on its clothing, including shirts, pants and hats and has extensively used the Livfast Trademark (defined below) on its goods and services on a continuous basis since that time.

14.    On July 31, 2003, Livfast applied for a trademark registration for the word mark "Liv Fast" with the United States Patent and Trademark Office ("USPTO") and the USPTO granted Livfast a registration for its Livfast trademark (Registration No. 2957726) on May 31, 2005 (the "Livfast Trademark").  The Livfast Trademark is a federally registered trademark and, as such, is prima facie evidence of Livfast's right to exclusive use of the Livfast Trademark and is constructive notice of Livfast's ownership thereof.

15.    Livfast has worked extensively to advertise and promote the Livfast brand in connection with goods that it provides under the Livfast Trademark.  Due to Livfast's use and extensive and continuous efforts to advertise, market and promote the Livfast Trademark, consumers recognize the Livfast mark as singularly associated with Livfast and an indication of origin with Livfast.  Livfast has established goodwill and exclusive rights in and to the Livfast Trademark.

16.    On information and belief, Affliction is a company that was founded sometime in 2005.

17.    Livfast recently discovered that Affliction has been infringing upon the Livfast Trademark by using a virtually identical name, the Live Fast name and the Affliction Live Fast name, on its clothing as well as other uses, which is likely to lead to confusion in the marketplace and has actually caused confusion in the marketplace.

18.    On March 4, 2010, the United States Patent and Trademark Office ("USPTO") rejected Affliction's request to register the "Affliction Live Fast" name as its trademark, specifically referencing the Livfast Trademark and stating that

"registration of the applied-for mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 2957726 [i.e., the Livfast Trademark]...The applicant's [i.e, Affliction] mark is for AFFLICTION LIVE FAST for a variety of clothing items. The registrant's [i.e., Livfast] mark is LIVFAST for shirts, hats and pants." As set forth in the March 4, 2010 letter, the USPTO determined the "Live Fast" and "Affliction Live Fast" names, on the one hand, and the LIVFAST trademark, on the other, give the same "commercial impression." In addition, the USPTO determined that Affliction's goods "are for clothing items such as hats and shirts. [Livfast's] goods are shirts, pants and hats. **For purposes of likelihood of confusion analysis, the goods are identical.**" Attached hereto as Ex. "A" is a true and correct copy of the USPTO's March 4, 2010 letter (without attachments).

19.   On July 23, 2010, the USPTO rejected Affliction's request to obtain a trademark registration in the name "Live Fast," stating that the "Live Fast" name and the Livfast Trademark are "highly similar overall," that the goods are "very closely related and some are identical and/or legally identical" and that the trade channels are similar. Attached hereto as Ex. "B" is a true and correct copy of the USPTO July 23, 2010 letter (without attachments).

20.   On October 17, 2010, after Affliction requested the USPTO to reconsider its position on its use of the "Live Fast" name, and after Affliction submitted specimens showing how it uses the "Affliction Live Fast" name on its clothing goods, the USPTO again rejected Affliction's request to register the "Live Fast" mark, stating in part as follows:

> "When marks are otherwise highly similar as in this case, the addition of a house mark such as AFFLICTION in this case **is more likely** to add to the likelihood of confusion than to distinguish the marks; it is likely that the two products sold under such marks would be attributed to the same source. [Citations omitted.]"

21.   Attached hereto as Ex. "C" is a true and correct copy of the October 17, 2010 USPTO letter (without attachments). Affliction also argued to the USPTO that

its customers are careful or sophisticated.  However, the USPTO determined that Affliction's submissions "contradicts [Affliction's] assertion that its customers are careful or sophisticated" and instead showed its customers are not careful or sophisticated.  The USPTO concluded as follows:

> **"The similarities in the applicant's and registrants' marks, goods, and trade channels and prospective customers outweigh the differences and the cumulative differences are not sufficient to preclude likelihood of confusion.**  The overriding concern is not only to prevent buyer confusion as to the source of the goods and/or services, but to protect the registrant from adverse commercial impact due to use of a similar mark by a newcomer."

Thus, the USPTO has already concluded Affliction's use of the "Live Fast" and the "Affliction Live Fast" names are confusingly similar to the Livfast Trademark.  By Affliction's continued use of these names, Affliction has committed and continues to commit willful trademark infringement.

22.   Livfast and Affliction use virtually identical names on their goods.

23.   Livfast and Affliction provide the same or similar goods in the marketplace and have similar marketing channels.

24.   By virtue of Affliction's conduct, Affliction intends its unauthorized use of the "Live Fast" and "Affliction Live Fast" names to capitalize on the goodwill built up in the Livfast Trademark and Livfast trade name.  Affliction's unauthorized use of the Livfast mark:

    a.    is likely to cause confusion, to cause mistake and/or to deceive customers and potential customers of the parties as between Livfast and Affliction (and actually has caused confusion between Livfast and Affliction);

    b.    is likely to cause confusion, to cause mistake and/or to deceive customers and potential customers of the parties as to the origin, sponsorship or approval of  Affliction's goods, or as to some

affiliation, connection or association between Affliction's goods and Livfast;

c.   unlawfully removes Livfast's ability to control the nature and quality of goods containing the Livfast Trademark and placing the goodwill and reputation of Livfast in Affliction's hands, over which Livfast has no control; and

d.   unjustly enriches Affliction.

25.   Livfast has been damaged and continues to be damaged by Affliction's unauthorized use of the "Live Fast" and "Affliction Live Fast" names on its goods and services due to the fact that Affliction's use of these names are confusingly similar to the Livfast Trademark and Livfast trade name.

26.   Unless these unauthorized uses by Affliction of the "Live Fast" and "Affliction Live Fast" names is restrained by this Court, they will continue to cause irreparable injury to Livfast for which there is no adequate remedy at law.

## COUNT I

### (For Federal Trademark Infringement Pursuant to Lanham Act § 32 and 15 U.S.C. §1114 against all Defendants and Does 1 through 10)

27.   Livfast incorporates by reference paragraphs 1 through 26 as though fully set forth herein.

28.   Affliction's use of the "Live Fast" and "Affliction Live Fast" names on or in connection with its goods and services as described above are likely to cause confusion, to cause mistake or to deceive.

29.   Affliction's acts complained of herein have been deliberate, willful and intentional, with complete knowledge of the Livfast Trademark and in conscious disregard of Livfast's rights in and to its mark and with the intent to capitalize on Livfast's goodwill in its mark.  Moreover, despite at least three letters from the USPTO advising Affliction that its use of the "Live Fast" and the "Affliction Live

COMPLAINT

Fast" names is confusingly similar to the Livfast Trademark, Affliction has continued to use the "Live Fast" and the "Affliction Live Fast" names in blatant disregard of the USPTO.

30.    As a result of the foregoing, Affliction has been unjustly enriched and Livfast has been damaged and injured.  Unless the foregoing actions of Affliction are enjoined, Livfast will continue to suffer injury and damage.

## COUNT II

### (For Federal Trademark Infringement Pursuant to Lanham Act § 43(a) and 15 U.S.C. §1125(a) against all Defendants and Does 1 through 10)

31.    Livfast hereby incorporates by reference paragraphs 1 through 30 as though fully set forth herein.

32.    Affliction's unauthorized use of the "Live Fast" and "Affliction Live Fast" names which are confusingly similar to the Livfast Trademark (as already set forth at least three times by the USPTO) and the Livfast trade name for identical and related goods and services falsely indicates that Affliction is affiliated with, sponsored by, related to or somehow associated with Livfast.

33.    Affliction's unauthorized use of the "Live Fast and "Affliction Live Fast" names which are confusingly similar to the Livfast Trademark and the Livfast trade name for identical and related goods and services is likely to cause confusion, mistake or deception as to the source, business affiliation, connection or association of Affliction and its goods and services (and actually has caused confusion).

34.    Affliction's unauthorized use of the "Live Fast and "Affliction Live Fast" names which are confusingly similar to the Livfast Trademark and the Livfast trade name enables Affliction to gain the benefit of Livfast's goodwill, which Livfast has established through hard work and expense, and further allows Affliction to expand its business and sales due to the reputation of Livfast.

COMPLAINT

35.   The acts of Affliction as set forth above constitute unfair competition, false designation of origin and trade name infringement in violation of Section 43(a) of the Lanham Act and 15 U.S.C. § 1125(a).

36.   Affliction's acts as set forth above have been deliberate, willful and intentional, with full knowledge of the Livfast Trademark and in conscious disregard of Livfast's rights in its mark and with the intent to trade off Livfast's goodwill in its mark.

37.   As a result of the foregoing, Affliction has been unjustly enriched and Livfast has been damaged and injured.  Unless the foregoing actions of Affliction are enjoined, Livfast will continue to suffer injury and damage.

## COUNT III

### (For Trademark Infringement and Unfair Competition under the Common Law of the State of California against all Defendants and Does 1 through 10)

38.   Livfast hereby incorporates by reference paragraphs 1 through 37 as though fully set forth herein.

39.   Affliction's acts complained of above constitute trademark infringement and unfair competition in violation of the common law of the state of California.

40.   Affliction, with full knowledge of Livfast's rights in and to the Livfast Trademark and Livfast trade name, has committed the acts herein willfully, with the intent to trade on, or in complete disregard of, Livfast's Trademark.

41.   As a result of the foregoing, Affliction has been unjustly enriched and Livfast has been damaged and injured.  Unless the foregoing actions of Affliction are enjoined, Livfast will continue to suffer injury and damage.

42.   As a direct and proximate result of Affliction's unfair competition, Affliction has obtained and continues to obtain gains and profits, which will be proven at trial.

8

COMPLAINT

43.    Affliction has competed unfairly with Livfast by infringing on the Livfast Trademark through its use of the "Live Fast" and "Affliction Live Fast" names with oppression, malice or fraud, entitling Livfast to punitive damages.

## COUNT IV

**(For Unfair Competition Pursuant to Cal. Business & Professions Code § 17200 et seq. against all Defendants and Does 1 through 10)**

44.    Livfast hereby incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

45.    Affliction is offering goods and services, similar to and competitive with the clothing goods sold by Livfast.

46.    Affliction is using the "Live Fast" and "Affliction Live Fast" names which are confusingly similar to the Livfast Trademark and Livfast trade name, despite having full knowledge of the Livfast Trademark and in spite of the USPTO's determination on at least three different occasions that the "Live Fast" and "Affliction Live Fast" names used by Affliction on its clothing goods, among other uses, is confusingly similar to the Livfast Trademark and Livfast trade name.

47.    Affliction is making unauthorized use of the "Live Fast" and "Affliction Live Fast" names which are confusingly similar to the Livfast Trademark and Livfast trade name in a deliberate, willful and intentional attempt to trade off Livfast's goodwill and reputation in the mark.

48.    By reason of the conduct above, Affliction has engaged in unfair, unlawful and/or fraudulent business practices which continue to this day.

49.    Due to Affliction's unfair competition, Affliction has acquired, and continues to acquire, an unfair competitive advantage and has engaged and continues to engage in wrongful conduct to their advantage and to the detriment of Livfast.

DB/LIVFAST/COMPLAINT

9

COMPLAINT

50.   Affliction's acts constitute unfair competition in violation of § 17200 et seq. of the California Business and Professions Code (the Unfair Competition Statute) and are likely to deceive or mislead the public.

51.   As a result of the foregoing, Affliction has been unjustly enriched and Livfast has been damaged and injured.  Unless the foregoing actions of Affliction are enjoined, Livfast will continue to suffer injury and damage.

## COUNT V

**(For Unjust Enrichment against all Defendants and Does 1 through 10)**

52.   Livfast hereby incorporates by reference paragraphs 1 through 51 as though fully set forth herein.

53.   The acts of Defendant complained of herein constitute unjust enrichment of Affliction.

54.   As a result of the foregoing, Affliction has been unjustly enriched and Livfast has been damaged and injured.  Unless the foregoing actions of Affliction are enjoined, Livfast will continue to suffer injury and damage.

## COUNT VI

**(For Cancellation of Trademark Registration Pursuant to 15 U.S.C. § 1119 against all Defendants and Does 1 through 10)**

55.   Livfast hereby incorporates by reference paragraphs 1 through 54 as though fully set forth herein.

56.   Affliction currently has a registration for the "Affliction Live Fast" mark with a logo of an "A" in the middle with two wings coming from either side of the "A."  The registration number is 3817136.  As set forth above, the "Affliction Live Fast" name is confusingly similar to the Livfast Trademark.  As this is confusingly similar to the Livfast Trademark, USPTO Registration No. 3817136 should be

COMPLAINT

cancelled so that there is no confusion in the marketplace between Livfast and Affliction.

57.   In addition, Affliction has filed an application with the USPTO to register the mark "Affliction Live Fast" with a logo in the middle.  The serial number is 77868297.  The filing basis is 1B.  As the name "Affliction Live Fast" is confusingly similar to the Livfast brand and the Livfast Trademark, the Court should cancel Affliction's attempt to register this name and order Affliction to withdraw its attempt to register this name.

58.   Affliction has also filed an application with the USPTO to register the name "Affliction Live Fast" only.  The serial number is 77904240.  As the name "Affliction Live Fast" is confusingly similar to the Livfast brand and the Livfast Trademark, the Court should cancel Affliction's attempt to register this name and order Affliction to withdraw its attempt to register this name.

59.   Affliction has also filed another application with the USPTO to register the name "Affliction Live Fast" only.  The serial number on that application is 77904625.  As the name "Affliction Live Fast" is confusingly similar to the Livfast brand and the Livfast Trademark, the Court should cancel Affliction's attempt to register this name and order Affliction to withdraw its attempt to register this name.

60.   As a result of the foregoing, Livfast has been damaged and injured. Unless the registration or attempted registrations are cancelled (or Affliction is enjoined from seeking such registrations), Livfast will continue to suffer injury and damage.

## COUNT VII

### (For an Accounting against all Defendants and Does 1 through 10)

61.    Livfast hereby incorporates by reference paragraphs 1 through 60 as though fully set forth herein.

62.    Due to the facts that: (a) Livfast has a valid, protectable trademark; (b) there is a likelihood of confusion between the Livfast Trademark, on the one hand, and the "Live Fast" and "Affliction Live Fast" names used by Affliction, on the other; and (c) Affliction's has willfully infringed of the Livfast Trademark, Livfast is entitled to an accounting as Livfast is entitled to damages and a disgorgement of profits from Affliction in connection with its sale of the infringing merchandise.

## COUNT VIII

### (For Declaratory Relief against all Defendants and Does 1 through 10)

63.    Livfast hereby incorporates by reference paragraphs 1 through 62 as though fully set forth herein.

64.    Livfast contends that he is entitled to a declaration from this Court which declares that:

      a.    Livfast has a valid, protectable trademark in the Livfast Trademark which was registered by the USPTO under Registration No. 2957726 on May 31, 2005.

      b.    Livfast has priority of use over the Livfast Trademark as it was first used on January 7, 2000 and first used in commerce no later than October 8, 2004, which is prior to Affliction's use of the "Affliction Live Fast" names and the "Live Fast" names.

      c.    there is a likelihood of confusion between the Livfast Trademark, on the one hand, and Affliction's use of the "Live Fast" name and the "Affliction Live Fast" names, on the other hand.

COMPLAINT

d.  that Affliction's use of the "Live Fast" and "Affliction Live Fast" names infringe on the Livfast Trademark;

e.  that Affliction's infringement of the Livfast Trademark is willful, deliberate and intentional;

f.  there is a likelihood the public will believe that Livfast and Affliction are somehow affiliated, connected or associated with each other;

g.  that Affliction has engaged and continues to engage in unfair competition;

h.  Livfast is entitled to an award of damages and disgorgement of profits in an amount to be proven at trial; and

i.  Livfast is entitled to its reasonable attorney's fees due to Affliction's willful trademark infringement.

64.  Livfast is informed and believes, and based thereon alleges, that Affliction denies Livfast's contentions as set forth above. There is a substantial justiciable controversy between the parties which is present, existing and continuing. This controversy is the proper subject for declaratory relief. A judicial declaration is necessary and appropriate at the present time so that the parties may ascertain their respective rights, duties and obligations with respect to Livfast's contentions and allegations as set forth above.

**WHEREFORE**, Livfast prays for judgment against Affliction as follows:

1.  Judgment be entered for Livfast on all claims.

2.  Affliction, its agents, servants, employees, attorneys and all others acting in active concert with or participation with any of them, be enjoined and restrained, during the course of this action, and permanently thereafter, from:

a.  making any use at all on any goods or services of the "Live Fast" or "Affliction Live Fast" names, with or without logos, which are

1  confusingly similar to the Livfast Trademark and Livfast trade name;

2      b.    manufacturing, distributing, advertising, marketing or selling any

3  goods or services using the "Live Fast" and "Affliction Live Fast" names

4  and that Affliction be ordered to immediately withdraw all merchandise

5  or other use of the "Live Fast" and "Affliction Live Fast" names from all

6  locations selling such infringing merchandise as they are confusingly

7  similar with the Livfast Trademark and Livfast trade name and are likely

8  to deceive the public; and

9      c.    doing any act which is likely to confuse, deceive or mislead others

10  into believing that Affliction, or its goods and services, emanate from,

11  are affiliated with, sponsored or approved by, connected with or

12  associated with Livfast.

13  3.    That Livfast is entitled to an accounting from Affliction so that it can

14  determine Affliction's revenue resulting from Affliction's infringing

15  activities and that profits from this revenue be paid to Livfast as

16  determined by this Court.

17  4.    That Affliction be ordered to pay Livfast:

18      a.    in accordance with 15 U.S.C. § 1117(a), an award of Affliction's

19  profits and treble actual damages (including lost trademark royalties)

20  due to Affliction's infringement of the Livfast Trademark and the Livfast

21  trade name in an amount to be determined at trial;

22      b.    punitive damages due to Affliction's violation of California's

23  common law, in an amount to be determined at trial;

24      c.    reasonable attorney's fees and costs of this action, due to

25  Affliction's willful infringement of the Livfast Trademark.

26  5.    In accordance with 15 U.S.C. § 1118, Affliction be required to deliver to

27  Livfast all items which contain the word, term, name, symbol, device,

28  combination thereof, designation, description, or representation that is

the subject of the trademark violation and all plates, molds, matrices, and other means of making the same, so that it can be destroyed in order to eliminate any and all likelihood of confusion in the marketplace.

6.   In accordance with 15 U.S.C. § 1116(a), Affliction be required to file with the Court, within thirty (30) days after the entry and service on Affliction of an injunction, a report in writing and under oath, setting forth in detail how Affliction has complied with the terms of such injunction.

7.   In accordance with 15 U.S.C. § 1119, the Court should order cancellation of USPTO Registration No. 3817136.

8.   For a Declaration from this Court that:

a.   Livfast has a valid, protectable trademark in the Livfast Trademark which was registered by the USPTO under Registration No. 2957726 on May 31, 2005.

b.   Livfast has priority of use over the Livfast Trademark as it was first used on January 7, 2000 and first used in commerce no later than October 8, 2004.

c.   there is a likelihood of confusion between the Livfast Trademark, on the one hand, and Affliction's use of the "Live Fast" name and the "Affliction Live Fast" names, on the other hand.

d.   there is a likelihood that the public will believe that Livfast and Affliction are somehow affiliated, connected or associated with each other when that is not the case;

e.   Affliction's use of the "Live Fast" and "Affliction Live Fast" names infringe on the Livfast Trademark and the Livfast trade name;

f.   Affliction's infringement of the Livfast Trademark is willful, deliberate and intentional;

COMPLAINT

g.   Affliction has engaged and continues to engage in unfair competition;

h.   Livfast is entitled to an award of damages and disgorgement of profits in an amount to be proven at trial; and

i.   Livfast is entitled to its reasonable attorney's fees due to Affliction's willful trademark infringement.

9.   for its costs of suit; and

10.  for such other and further relief as this Court deems just and proper.

Dated: November 16, 2010      LAW OFFICES OF DAVID H. BOREN

By: _____
     David H. Boren, Esq.
     Attorney for Plaintiffs
     TIMOTHY SEAN O'BRIEN and
     LIVFAST, LLC

1

2

# DEMAND FOR JURY TRIAL

3

4

    Plaintiffs Timothy Sean O'Brien and Livfast, LLC hereby demand a jury trial
in this action.

5

6

7

8    Dated: November 16, 2010        LAW OFFICES OF DAVID H. BOREN

9

10

11                                 By:_____

12                                     David Boren, Esq.
                                       Attorney for Plaintiffs
13                                     TIMOTHY SEAN O'BRIEN and
                                       LIVFAST, LLC
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DB/LIVFAST/COMPLAINT                    17

                                                        _____
                                                        COMPLAINT

**EXHIBIT  A**

| To: | Affliction Holdings LLC (bassiri@afflictionclothing.com) |
|---|---|
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 77904240 - AFFLICTION LIVE FAST - N/A |
| **Sent:** | 3/4/2010 11:19:12 AM |
| **Sent As:** | ECOM111@USPTO.GOV |
| **Attachments:** | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |
| | Attachment - 5 |

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:**    77/904240

**MARK**: AFFLICTION LIVE FAST

**CORRESPONDENT ADDRESS**:
MICHAEL BASSIRI
1799 APOLLO CT
SEAL BEACH, CA 90740-5617

# *77904240*

**RESPOND TO THIS ACTION:**
http://www.uspto.gov/teas/eTEASpageD.htm

**GENERAL TRADEMARK INFORMATION:**
http://www.uspto.gov/main/trademarks.htm

**APPLICANT:**    Affliction Holdings LLC

**CORRESPONDENT'S REFERENCE/DOCKET NO**:
N/A
**CORRESPONDENT E-MAIL ADDRESS**:
bassiri@afflictionclothing.com

## OFFICE ACTION

TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE ISSUE/MAILING DATE.

**ISSUE/MAILING DATE**: 3/4/2010

The referenced application has been reviewed by the assigned trademark examining attorney. Applicant must respond timely and completely to the issue(s) below. 15 U.S.C. §1062(b); 37 C.F.R. §§2.62, 2.65(a); TMEP §§711, 718.03.

The effective filing date of pending Application Serial No. 77/706290 precedes applicant's filing date. See attached referenced application. If the mark in the referenced application registers, applicant's mark may be refused registration under Trademark Act Section 2(d) because of a likelihood of confusion between the two marks. *See* 15 U.S.C. §1052(d); 37 C.F.R. §2.83; TMEP §§1208 *et seq.* Therefore, upon receipt of applicant's response to this Office action, action on this application may be suspended pending final disposition of the earlier-filed referenced application.

In response to this Office action, applicant may present arguments in support of registration by addressing the issue of the potential conflict between applicant's mark and the mark in the referenced application. Applicant's election not to submit arguments at this time in no way limits applicant's right to address this issue later if a refusal under Section 2(d) issues.

## Likelihood of Confusion

Registration of the applied-for mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 2957226. Trademark Act Section 2(d), 15 U.S.C. §1052(d); *see* TMEP §§1207.01 *et seq.*
     The applicant's mark is AFFLICTION LIVE FAST for a variety of clothing items. The registrant's mark is LIVFAST for shirts, pants and hats. See the enclosed registration.

Taking into account the relevant *du Pont* factors, a likelihood of confusion determination in this case involves a two-part analysis. The marks are compared for similarities in their appearance, sound, connotation and commercial impression. TMEP §§1207.01, 1207.01(b). The goods and/or services are compared to determine whether they are similar or commercially related or travel in the same trade channels. *See Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1164-65, 64 USPQ2d 1375, 1380 (Fed. Cir. 2002); *Han Beauty, Inc. v. Alberto-Culver Co.*, 236 F.3d 1333, 1336, 57 USPQ2d 1557, 1559 (Fed. Cir. 2001); TMEP §§1207.01, 1207.01(a)(vi).

Comparison of Marks
In a likelihood of confusion determination, the marks are compared for similarities in their appearance, sound, meaning or connotation and commercial impression. *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (C.C.P.A. 1973); TMEP §1207.01(b). Similarity in any one of these elements may be sufficient to find a likelihood of confusion. *In re White Swan Ltd.*, 8 USPQ2d 1534, 1535 (TTAB 1988); *In re Lamson Oil Co.*, 6 USPQ2d 1041, 1043 (TTAB 1987); *see* TMEP §1207.01(b).

The applicant's mark is AFFLICTION LIVE FAST. The registrant's mark is LIVFAST stylized. The registrant's mark and the applicant's mark both contain the element "Live Fast." The registrant's mark does not contain the "e" on the end of live, however, the commercial impression is the same.

Comparison of the Goods or Services
The goods and/or services of the parties need not be identical or directly competitive to find a likelihood of confusion. *See Safety-Kleen Corp. v. Dresser Indus., Inc.*, 518 F.2d 1399, 1404, 186 USPQ 476, 480